Mr. Norman J. Smith Attorney for the Superintendent of Schools and the School Board Osceola County Post Office Box 1549 Kissimmee, Florida 32742-1549
Dear Mr. Smith:
This is in response to your request on behalf of the Osceola County District School Board for an opinion on substantially the following question:
 DOES THE OSCEOLA COUNTY DISTRICT SCHOOL BOARD HAVE THE AUTHORITY TO ADOPT A RULE OR POLICY PERMITTING PRINCIPALS TO RELEASE TEACHERS ON THEIR STAFF FOR LESS THAN ONE-HALF DAY FOR TEMPORARY ABSENCE, WHERE OTHER STAFF MEMBERS ARE ABLE TO CONDUCT MISSED CLASSES OF THE EXCUSED TEACHER AND A SUBSTITUTE IS NOT REQUIRED, WITHOUT CHARGING THE EXCUSED TEACHER WITH PERSONAL OR SICK LEAVE?
Your inquiry states that the labor contract between the board and the teachers of the district has included the following provision for several years:
 Each principal shall have the authority to release teachers of his staff for less than one-half (1/2) day for temporary absence. In cases where other staff members are able to conduct missed classes of the excused teacher and a substitute is not required, it shall not be necessary to charge the excused teacher with personal or sick leave. Teachers must sign out to fulfill this requirement and records of these temporary absences must be maintained, showing the number of such absences involved.
Your inquiry further notes that state auditors have questioned the validity of this provision. You have quoted their comments as follows:
 Our review of these records revealed that employees continued to be allowed absences from work without written approval and without such absences being charged against the employee's accrued leave or deducted from their gross pay. We know of no legal authority whereby the Board may grant sick or personal leave to instructional personnel with pay and without a reduction in the individual's accrued leave.
I also gather from your inquiry that the auditors have taken the position that the school board is required to adopt a salary schedule based on standard working hours and that any deviation therefrom must be covered by appropriate leave or deducted from pay, and that paying an employee for time not worked and not charged or documented as a type of leave is an overpayment of compensation to that employee or an illegal expenditure of funds. Accordingly, you have specifically requested an opinion on the board's authority with respect to inclusion of the above-quoted provision in contracts between the board and the teachers of the district.
Section 231.39, F.S., provides as follows:
 All leaves of absence for all district school board employees, except those leaves prescribed by law, shall be granted with or without compensation pursuant to rules adopted by the district school board. Such leaves authorized by the school board shall include, but not be limited to, professional leave and extended professional leave, personal leave, military leave granted in compliance with chapter 115, and maternity leave. (e.s.)
And see s. 230.03(2), F.S., providing that "district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." (e.s.) See also, s. 231.001, F.S., providing that, "[e]xcept as otherwise provided by law or the State Constitution, district school boards are authorized to prescribe rules governing personnel matters."
In considering the foregoing statutes together with the repeal of former s. 231.43, F.S. 1981, which provided a closed-end enumeration of leave of absence categories for district school personnel, I previously have concluded that local school boards have greater discretion to formulate types of leave and the compensation for such leave, subject to the limitation that if a type of leave is prescribed by law, the board's discretion is limited thereby. Attorney General Opinion 83-69. See also, AGO 83-72, discussing the general operation and effect of s. 230.03(2) and concluding that such section affords greater local control to district school boards with a concurrent continuing responsibility on such boards to act consistently and in harmony with all applicable laws and the terms of the State Constitution. See, e.g., Rules 6A-1.75 (school board to adopt policies on leaves of absence), 6A-1.77 (proper absence from duty to be covered by leave), and 6A-1.52, F.A.C. (salary schedules to be adopted with no extra compensation differing from the amount to which an employee is entitled under such schedule).
It would appear that the only distinction between the question posed in AGO 83-69 with respect to a district school board's lawful discretion to promulgate leave policies and the factual background stated in your inquiry is that the temporary absence authorized by the pertinent provision of the contract between the district school board and the district's teachers is not in terms denominated as "leave." I am unable to conclude that such distinction has any significance in the context of your inquiry. See, Rule 6A-1.76, F.A.C., defining leave of absence as "permission granted by a school board, or allowed under its adopted policies, for an employee to be absent from his duties for a specified period of time. . . ." The rule further provides that "[l]eave may be with or without pay as provided by law and policies of the school board." Thus, the Osceola County District School Board has the authority to adopt a rule permitting principals to release teachers on their staff for less than one-half day for temporary absence in certain cases without charging the excused teacher with personal or sick leave, since the provisions of ss. 230.03(2), 231.001 and 231.39, F.S., read together with the repeal of s. 231.43, F.S. 1981, relating to personal leave, operate to vest in local school boards greater discretion to formulate types of leave and the compensation for such leave, subject to the limitation that if a type of leave is prescribed by law, the board's discretion is limited thereby.
Therefore, unless and until legislatively or judicially determined otherwise, I am of the opinion that the Osceola County District School Board has the authority to adopt a rule permitting principals to release teachers on their staff for less than one-half day for temporary absence, where other staff members are able to conduct missed classes of the excused teacher and a substitute is not required, without charging the excused teacher with personal or sick leave, pursuant to the provisions of ss. 230.03(2), 231.001 and 231.39, F.S., which, when read together with the repeal of s. 231.43, F.S. 1981, operate to vest in local school boards greater discretion to formulate types of leave and the compensation for such leave.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General